IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**SONYA WATSON**                                                                                  **PLAINTIFF**

**v.**                            **Case No. 2:11-cv-00126 KGB**

**PALESTINE-WHEATLEY SCHOOL**
**DISTRICT NO. 23,** *et al.*                                                                **DEFENDANTS**

## ORDER

Before the Court is defendants' motion, which the Court construes as a request to accept as timely the belatedly filed motion for summary judgment (Dkt. No. 29). Plaintiff Sonya Watson responded in opposition (Dkt. No. 32). The motion is denied.

Defendants filed their motion for summary judgment on May 28, 2013. Initially, the Court's deadline for filing dispositive motions was April 15, 2013 (Dkt. No. 11). Upon joint motion of the parties, the Court extended the deadline for filing dispositive motions to May 15, 2013 (Dkt. No. 25). On May 28, 2013, 13 days after the Court's deadline for filing dispositive motions, defendants filed their motion for summary judgment. On May 29, 2013, defendants filed their pending motion to accept as timely the belatedly filed motion for summary judgment (Dkt. No. 29).

A scheduling order issued under Rule 16 of the Federal Rules of Civil Procedure must limit the time to file motions, and the schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements. The existence or degree of prejudice to the party opposing the modification and other factors may also affect the decision." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (internal quotation marks omitted). The Eighth Circuit has also stated that a district court

has "considerable discretion to consider the motion outside of the time set by the case progression order." *W.F.M., Inc. v. Cherry Cnty., Nebraska*, 279 F.3d 640, 643 (8th Cir. 2002).

Defendant's counsel states that he "misread the filing deadline" (Dkt. No. 29). Ms. Watson states that she is prejudiced by the late filing. The motion to accept the belatedly filed motion for summary judgment is denied (Dkt. No. 29). Accordingly, the motion for summary judgment is denied as untimely (Dkt. No. 26).

SO ORDERED this the 20th day of June, 2013.

                                                          Kristine G. Baker
                                                          United States District Judge