IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**SONYA WATSON**                                                                                          **PLAINTIFF**

**v.**                                              **No. 2:11CV00126 KGB**

**PALESTINE-WHEATLEY SCHOOL
DISTRICT NO. 23** *et al.*                                                             **DEFENDANTS**

## ORDER

The parties have moved *in limine* to exclude certain evidence, testimony, and argument (Dkt. Nos. 37, 38).  The Court heard argument on these issues during the July 12, 2013, pretrial conference and issued oral rulings during that conference.  This written order memorializes the Court's oral rulings.

    1.    Plaintiff seeks to exclude any evidence of past garnishments of plaintiff's wages and evidence regarding Patti Hernandez's reprimand of plaintiff in 2011.  Plaintiff contends this evidence is irrelevant because Mr. Estes testified in his deposition that these issues did not factor into his decision not to hire plaintiff.  At this time, the Court grants plaintiff's motion and directs that all parties and their counsel refrain from referring to such evidence of past garnishments of plaintiff's wages and evidence regarding Patti Hernandez's reprimand of plaintiff in 2011 before the jury during jury selection, opening statement, questioning of witnesses, and closing argument.  The Court further directs that, if a party believes such evidence becomes relevant based on other evidence admitted at or events that occur during trial, counsel for the party should approach the bench before introducing or eliciting such evidence.

    2.    Defendants seek to exclude as irrelevant any evidence of any settlement of any other civil rights case filed and/or pending against the Palestine-Wheatley School District.  The Court takes this issue under advisement and directs the parties to review *Anderson v. Genuine*

*Parts Company, Inc.*, 128 F.3d 1267 (8th Cir. 1997), which is the case the Court referenced during the pretrial.  The Court will address this issue further with counsel the morning of July 17, 2013, and issue a ruling prior to trial.

3. During the pretrial conference, counsel for plaintiff raised the issue of defendants eliciting expert testimony from certain witnesses listed in defendants' pretrial disclosure sheet. The Court will rule on objections to such anticipated testimony as objections are made during the course of the trial.

SO ORDERED this 16th day of July, 2013.

_____
Kristine G. Baker
United States District Judge